AMERICAN MUTUSCOPE & BIOGRAPH CO. v. FILM IMPORT & TRADING CO. (Supreme Court, Appellate Division, First Department. November 12, 1909.) Appeal from Special Term, New York County. Action by the American Mutuscope & Biograph Company against the Film Import & Trading Company. From an order directing defendant to give plaintiff a bill of particulars, defendant appeals. Modified and affirmed. Leon Kauffman, for appellant. I. Maurice Wormser, for respondent.

PER CURIAM. The order appealed from must be so modified as to require the defendant to furnish a bill of particulars as follows: First. The amount of expense and each item thereof alleged to have been incurred by the defendant in enlarging its business,. and when, with whom, for what purpose, and to what amount each of such items of expense was incurred. Second. The names of the parties, dates, nature, subject-matter, in substance, amount, and extent of each and every contract obligation so alleged to have been entered into. Third. The date and amount of each and every expenditure of money by defendant for advertising, or otherwise, so alleged, together with

the name of the person or corporation with whom such expenditure was incurred or made. Fourth. The name and address of each and every dealer in the defendant's line of business whom, it is alleged as aforesaid, plaintiff notified that the alleged license of defendant had been revoked. Fifth. The name and address of each and every trade journal whom it is alleged as aforesaid plaintiff notified not to publish advertisements of the defendant as such alleged licensee. Sixth. The name and address of each and every one of said various dealers whom it is so alleged have refused to deal further with the defendant, the date of each such refusal, whether the same was oral or in writing, and, if in writing, a copy thereof. Seventh. The name and address of each and every one of said trade journals which it is so alleged have declined to print the advertisements of the defendant, the date of each such declination, whether the same was declined orally or in writing, and, if in writing, a copy of each such declination. Ninth. The name and address of each customer of defendant so alleged to have been lost, and the time when and place where each such loss occurred. Tenth. The name of the parties to, the date, nature, subject-matter, in substance, extent, and amount of each and every contract entered into by defendant with others, which it is so alleged defendant has been and will be forced to break—and, as so modified, will be affirmed, without costs to either party.